## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| **DENIERIKA F. GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 21-cv-02061 (APM)** |
| **COSTCO WHOLESALE CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

### MEMORANDUM OPINION

Plaintiff Denierika F. Green was waiting in the checkout line at a Costco in Washington, D.C., when a store employee carrying a case of bottled water on his shoulder made contact with her head. Plaintiff claims that this contact resulted in a concussion and various long-term medical issues, which kept her out of work and eventually forced her to retire. The court has construed Plaintiff's pro se complaint and legal brief to assert three theories of negligence: (1) ordinary negligence, (2) negligence per se, and (3) *res ipsa loquitur*. Plaintiff seeks $350,000 in damages to recover lost income and medical expenses.

Before the court is Defendant Costco Wholesale Corporation's motion for summary judgment. Def.'s Mot. for Summ. J., ECF No. 20 [hereinafter Def.'s Mot.]. For the reasons stated below, the motion is granted.

### I.

### A.

On January 8, 2019, Plaintiff was waiting in the checkout line at the Costco store located at 2441 Market Street, N.E. in Washington, D.C. Def.'s Mot., Mem. in Supp. of Def.'s Mot., ECF No. 20-1 [hereinafter Def.'s Mem.], at 1. A Costco employee walked by carrying a case of bottled

water on his shoulder, instead of on a cart.  *Id.*  Plaintiff felt something strike the back of her head. She initially believed she was hit by a bird.  Pl.'s Dep. Tr., ECF No. 27 [hereinafter Pl.'s Dep.].

Plaintiff claims that she suffered a concussion from the strike.  She "was precluded from work several times; at the initial incident January 8th 2019, January 23rd 2019 for 4 weeks and ultimately for the remainder of the year May 13th 2019."  Pl.'s Opp'n to Def.'s Mot., ECF No. 23 [hereinafter Pl.'s Mot.], Pl.'s Mem. in Supp. of Opp'n, ECF No. 23-13 [hereinafter Pl.'s Opp'n], at 9[1]; *see* Pl.'s Mot., Ex. 11, ECF No. 23-11 [hereinafter Pl.'s Ex. 11] (primary care provider's notes excusing Plaintiff from work).  She also claims to have developed long-term health conditions that forced her to retire from work, including post-concussion syndrome, whiplash, hearing loss with tinnitus, vision impairment, post-traumatic stress disorder, adjustment disorder,[2] vertigo, and dizziness.  Pl.'s Opp'n at 15.  In November 2020, a clinical neuropsychologist conducted an evaluation and found Plaintiff had a "mildly abnormal exam with psychomotor slowing, attentional difficulties, and inefficient learning for words," but stated that the issues were likely due to a multitude of causes, such as "pre-existing factors, normal intra-individual variability, sleep fragmentation, and psychiatric distress," and that it was "unlikely that these difficulties [were] the direct result of her concussion."  Pl.'s Mot., Ex. 9, ECF No. 23-9 [hereinafter Pl.'s Ex. 9].

---

[1] ECF pagination is used for Plaintiff's opposition brief.
[2] The Diagnostic and Statistical Manual of Mental Disorders defines adjustment disorders as "[t]he presence of emotional or behavioral symptoms in response to an identifiable stressor(s) occurring within 3 months of the onset of the stressor(s)."  AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (5th ed. 2022).

**B.**

Plaintiff filed suit on July 7, 2021, in the Superior Court for the District of Columbia, demanding $350,000 in "money damages," including $35,727 for medical expenses.  Notice of Removal, ECF No. 1, Ex. A, ECF No. 1-2 at 10–11.  On July 29, 2021, Defendant filed a Notice of Removal to this court and a motion to dismiss for failure to state a claim.  Notice of Removal, Civil Cover Sheet, ECF No. 1-1 at 2; Costco Wholesale Corp.'s Mot. to Dismiss Pl.'s Compl., ECF No. 2.  The court denied Costco's motion to dismiss.  Minute Order, Aug. 9, 2021.  Construing her pro se complaint liberally, the court found that Plaintiff had pleaded a plausible claim of negligence.  *Id.*; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Costco subsequently filed a motion for summary judgment.  *See* Def.'s Mot.

**II.**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  The movant must demonstrate the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  When determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn from those facts, in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

### III.

### A.

Defendant's argument for summary judgment largely rests on Plaintiff's failure to support her negligence claim with expert testimony.  Def.'s Mem. at 7–11.  Plaintiff designated neither a standard-of-care expert nor a medical expert to establish causation.  Plaintiff responds that no expert testimony is required to support her negligence claim.  Pl.'s Opp'n at 9.  She does not require a standard-of-care expert because she advances theories of negligence per se and *res ipsa loquitor*.  *See id.* ("Why must an expert testify to an obvious preventable safety hazard?").  And a causation expert is not needed because she has submitted medical records as evidence of her injuries.  *Id.* ("As all my submitted medical records state, I have Cognitive and Memory Recall issues.").  The court concludes that Plaintiff cannot proceed without a medical expert.

"There is no inflexible requirement in a personal injury case that the plaintiff produce expert medical testimony on causation."  *Williams v. Patterson*, 681 A.2d 1147, 1150 (D.C. 1996). "In the absence of 'complicated medical questions,' the plaintiff's own testimony, without need for supporting expert medical testimony, will suffice to prove causation of injury."  *Int'l Sec. Corp. of Va. v. McQueen*, 497 A.2d 1076, 1080 (D.C. 1985) (quoting *Jones v. Miller,* 290 A.2d 587, 590 (D.C. 1972)).  On the other hand, "in cases presenting medically complicated questions due to multiple and/or preexisting causes, or questions as to the permanence of the injury, . . . expert testimony is required on the issue of causation."  *Baltimore v. B.F. Goodrich Co.*, 545 A.2d 1228, 1231 (D.C. 1988) (internal citations omitted).  This case falls into the latter category.

As noted, Plaintiff asserts that as a result of being hit in the head with a case of bottled water she has suffered multiple long-term ailments.  According to her opposition, Plaintiff seeks to recover damages for the following:

> Damages—I was diagnosed with a Concussion.  As a result I now suffer from Post-Concussion Syndrome, Whiplash (which exacerbated pre-existing Cervical Radiculopathy such that, I need more intensive treatments and possibly surgery) Hearing Loss with Tinnitus, (I now wear a Hearing Device) Vision Impairment with Bifocals (I did not wear glasses before) PTSD, Adjustment Disorder, Vertigo and Dizziness (I walk with a cane) I also use a shower and toilet chair assistance.  I also have a disability parking placard and will soon have provisions placed upon my license.

Pl.'s Opp'n at 15.  In addition, she also demands compensation for lost wages: "I have claimed '*Loss of Capacity to Earn*'" and "I have been unable to work since the incident."  *Id.* at 20.  For these types of claimed injuries and losses, Plaintiff was required to come forward with expert testimony to establish causation.  *See, e.g., Williams v. Lucy Webb Hayes Nat. Training Sch. for Deaconesses & Missionaries*, 924 A.2d 1000, 1003 (D.C. 2007).

The limited medical records that Plaintiff attaches to her opposition make the point.  One from November 25, 2020, states:

> Ms. Green produced a mildly abnormal exam with psychomotor slowing, attentional difficulties, and inefficient learning for words.  These difficulties likely have a multifactorial etiology, including pre-existing factors, normal intra-individual variability, sleep fragmentation, and psychiatric distress.  It is unlikely that these difficulties are the direct result of her concussion.

Pl.'s Ex. 9.  Another record from July 2020 describes Plaintiff has having "[c]hronic pain," "anxiety disorder," and a "probable concussion," and notes that "some issues [were] likely due to mood and sleep issues" and were potentially "multi etiologic."  Pl.'s Mot., Ex. 10, ECF No. 23-10 [hereinafter Pl.'s Ex. 10], at 1–3.  As these records make clear, Plaintiff does not present with the type of uncomplicated medical questions that could proceed to trial without an expert.

Still, Plaintiff theoretically could seek damages for the injuries she immediately suffered based solely on her own testimony.  *See, e.g., Lucy Webb*, 924 A.2d at 1003 (holding that the testimony of a plaintiff who had not designated an expert could support damages for "pain and

suffering that she experienced over a period of hours, not longer"). But nowhere does she submit admissible proof to support such damages. The court advised Plaintiff how she must respond to a motion for summary judgment in accordance with Rule 56. *See* Order, ECF No. 21, at 2 (quoting in full FED. R. CIV. P. 56(c)). However, Plaintiff has not provided any evidence to support any actual injury. She has not offered contemporaneous medical records from a treating physician.[3] Nor has she submitted her own declaration or affidavit to support any pain and suffering soon after being struck. Even Plaintiff's opposition brief is silent about any pain and suffering she immediately experienced.

The only record evidence presented of Plaintiff's condition following the strike comes from her deposition testimony, which Defendant submitted. Plaintiff testified that, "I was putting the groceries on the conveyor belt and I felt something strike the back of my head. And originally I thought it was a bird, I looked over and I said, honey, was that a bird, something hit me in the head." Pl.'s Dep.; *see* Def.'s Mem. at 3 n.1. Thus, the only record evidence suggests that Plaintiff was not forcibly struck in the head. Based on the record presented, the court cannot find that there is a genuine dispute of fact as to whether Plaintiff suffered any compensable injuries. *See* RESTATEMENT (SECOND) OF TORTS § 907 (1979) ("If actual damage is necessary to the cause of action, as in negligence, nominal damages are not awarded."); 22 AM. JR. 2D *Damages* § 18 ("Nominal damages are not recoverable in actions to recover damages for ordinary negligence, in which damages are an element of the cause of action itself, and the plaintiff has failed to prove those damages.").

---

[3] Plaintiff has offered two letters, one dated January 23, 2019, and another dated May 13, 2019, from her treating physician indicating that she could not work due to a concussion. Pl.'s Ex. 11. Those letters, however, reflect expert opinion that Plaintiff did not support with the disclosures required by Rule 26(a)(2)(C).

**B.**

Nor can the court excuse Plaintiff for failing to make expert disclosures.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  Rule 37 provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).  District courts have broad discretion to determine whether nondisclosure is substantially justified or harmless.  *Grant v. Ent. Cruises & Spirit Cruises, LLC*, 767 F. App'x 15, 16 (D.C. Cir. 2019).  The court's analysis of the effects of nondisclosure is influenced by the Fourth Circuit's five factor test, which considers:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2007); *see also DAG Enters. v. Exxonmobil Corp.*, No. 00-cv-0182 (RBW), 2007 WL 4294317, at *1 (D.D.C. Mar. 30, 2007) (considering the Fourth Circuit's five-factor test when determining whether to exclude evidence under Rule 37(c)(1)); *Burns v. Levy*, No. 13-cv-898 (CKK), 2019 WL 6465142, at *24 (D.D.C. Dec. 2, 2019) (applying the Fourth Circuit test while acknowledging that it "is not binding on this Court").  These factors do not support a finding of harmlessness.

First, Defendant has not received, as required, the opinions of Plaintiff's treating physicians or had the opportunity to cross examine them.  Plaintiff has produced some medical records, but the records are an inadequate substitute for proper expert disclosures and examination during

7

discovery.  The limited records disclosed also appear to be incomplete.  And, at least one of the records conveys a different version of the alleged injury than the one Plaintiff advances here. Pl.'s Ex. 10 at 3 (notation that Plaintiff "asked that I update her chart to reflect that she was hit with an *elbow*") (emphasis added).

Second, Plaintiff has not said that her treating physicians will make themselves available for depositions to cure the nondisclosure.

Third, although no trial is set in this matter, reopening discovery at this juncture is unwarranted given that the court explained to Plaintiff how to respond to a motion for summary judgment, but she did not comply.

Fourth, the expert testimony is evidently important.  Plaintiff is seeking hundreds of thousands of dollars in damages for long-term physical injuries and lost wages but has not offered any evidence to support a causal connection between the alleged strike to her head and her claimed injuries.  If anything, the limited medical records in the record do not help her.  Pl.'s Ex. 9 (stating, as of November 25, 2020, that (i) Plaintiff's psychomotor issues likely were due to multiple factors, (ii) it was "unlikely" that her long-term ailments were "the direct result of her concussion," and (iii) "her most impairing distress appears to stem from her many non-specific physical complaints and focus on them"); Pl.'s Ex. 10 at 1 (stating, more than a year after the incident, that Plaintiff's brain MRI was normal and her neck pain was present before her injury).

Finally, Plaintiff's explanation for non-disclosure of experts is wanting.  She says that she "took the advice of [her] neurologist who has retired from expert testimonies and that her reports should be substantial enough, to provide clear documentation of [her] injury and diagnosis." Pl.'s Opp'n at 8.  Plaintiff should not have relied on her neurologist's assessment of legal requirements.

## IV.

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 20, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: March 29, 2023

Amit P. Mehta
United States District Court Judge